## FIFTH-THIRD UNION TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 5949, 5950.

Circuit Court of Appeals, Sixth Circuit.

March 8, 1932.

J. H. Head, of Cincinnati, Ohio (Joseph S. Graydon and Joseph L. Lackner, both of Cincinnati, Ohio, and Benjamin H. Saunders, of Washington, D. C., and Maxwell & Ramsey, of Cincinnati, Ohio, on the brief), for petitioners.

J. MacC. Hudson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Nathan Gammon, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The two petitions bear the same title, and involve the same question. In 1907 Jacob G. Schmidlapp established a trust known as the Charlotte R. Schmidlapp Fund. The trustee named in the trust indenture was the Union Savings Bank & Trust Company, Cincinnati, Ohio, now the Fifth-Third Union Trust Company, the petitioner herein. The controversies arise out of exemptions claimed by the petitioner of income and profits of the Schmidlapp fund for the years 1922 and 1923, and a determination by the Commissioner of Internal Revenue, sustained by the Board of Tax Appeals, that the petitioner was not entitled to such exemptions under the applicable statute.

Section 231 of the Revenue Act of 1921 (42 Stat. 227, 253) exempts from taxation "(6) corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual."

It is conceded by the respondent that the Charlotte R. Schmidlapp fund was organized and is operated exclusively for one of the specified purposes recited in the exemption clause, and that no part of the net earnings inures to the benefit of any private stockholder or individual. The questions presented are: Is the Charlotte R. Schmidlapp fund a fund or foundation within the meaning of the section, and is the committee provided for by the trust indenture to direct the distribution of the fund or its income in the hands of the trustee a corporation within the meaning of section 2 of the Revenue Act of 1921? Section 2 provides: "That when used in this Act * * * (2) The term 'corporation' includes associations, joint-stock companies, and insurance companies."

It is the contention of the respondent that the statute does not exempt funds and foundations generally, although organized and operated exclusively for the designated purposes, but only community funds, or community foundations; that the terms "fund" and "foundation" are not employed in the act in the broad general sense, but are modified and limited by the preceding qualifying word "community," which describes the manner of creation, not the methods or purposes of distribution of the fund.

It is conceded from the very outset that, had the committee established by the trust indenture to control the distribution of the Charlotte R. Schmidlapp fund been organized into a corporation, and the securities constituting the fund transferred directly to such corporation, the fund would be exempt, even though the donor was a single individual, and not a community. Had the fund been created by the contributions of a community rather than by the gift of a single individual, it would likewise be exempt, even though the donee were an unincorporated association or an individual. It is clear that it was the beneficent purpose of Congress, in furtherance of a recognized public policy, to exempt from taxation trusts or funds or foundations devoted exclusively to religious, charitable, scientific, literary, or educational purposes. No reason is indicated, and we can think of none, why Congress should exempt funds for the designated purposes without regard to their source when intrusted to a corporation, and should likewise exempt funds for the same purposes when intrusted to individuals or associations when they grow out of community gifts, but refuse to exempt such funds when created by an individual gift to an association or an individual. The respondent does not consider himself obliged to point out reasons for such discrimination, but relies upon the letter of the exemption clause, and upon the recognized rule of law that the provisions of a taxing statute allowing exemptions are to be construed strictly in favor of the government, and that the burden of proving that he comes within the exempting provision is upon the taxpayer. Conceding the power of Congress to exempt some charitable funds and tax others, we consider the meaning of the terms employed in the exempting clause.

We are confronted in the beginning with the phrase "community chest." If the word "community" is an integral part of the phrase "community chest," rather than a qualifying word, then there is considerable force to the petitioner's contention that it does not modify the word "fund" or the word "foundation." A fairly persuasive test, we think, would be to determine whether the word "chest," standing alone, would have any meaning within the scope and purpose of the clause. It is difficult to escape the conclusion that it would be wholly meaningless, or at best present such ambiguity as would require external aid to resolve. In the unreported case relied upon by the respondent, Edward W. Bok v. Blakely T. McCaughn,

Collector, decided by the District Court for the Eastern District of Pennsylvania December, 1929, the District Judge was of the opinion that the word "chest" would be meaningless without the additional descriptive term. The term "community chest" came into common use during or immediately after the war. We think it is fairly accurate to say that it was the logical development of the so-called "war chests," by which various funds raised by organizations for relief work during the war were designated. The phrase as an integral term first makes its appearance in the addenda to Webster's New International Dictionary, published in 1925, and appears again in the editions of 1928 and 1932. No such integral term as "community fund" or "community foundation" appears in any dictionary.

The Board of Tax Appeals, in sustaining the respondent's contention, relied almost entirely upon the decision of the District Court in the Bok Case. Since the Board rendered its decision, that case has been reversed by the Circuit Court of Appeals for the Third Circuit. Bok et al. v. McCaughn, Collector, 42 F.(2d) 616. While section 231 of the 1921 statute was not involved, the court construed substantially identical language in section 214 (a) (11) of the same act, which permits deductions by the donor of contributions or gifts made to "any corporation, or community chest, fund, or foundation, organized," etc. Judge Buffington in the opinion held that the body of trustees created by Mr. Bok constituted a foundation within the meaning of the statute, even though the gift came from a private individual, and not from the community generally.

Reference must be made to another of respondent's contentions. The Revenue Act of 1918 (40 Stat. 1057) exempted charitable corporations, but not other charitable organizations. When the proposed Revenue Act of 1921 was under consideration, certain interested persons appeared before the Senate Committee and suggested that section 214 (a) and section 231 (6) be amended so as to read: "Corporations, including any community chest, fund, or foundation, organized," etc. They also suggested an amendment to exempt a trustee or trustees of funds to be used exclusively for the same designated purposes. The committee incorporated in the 1921 statute substantially the first amendment, but failed to incorporate the second proposed amendment. It is argued from this that it was the intention of the Congress to exclude from the exempted clause trust funds

which, not being transferred to corporations, had their source in individual rather than in community gifts. It will be noted, however, that, in incorporating in the act the first proposed amendment, the Congress broadened its scope, so that the statute when passed, instead of reading "Corporations, *including* any community chest, fund, or foundation," was made to read, "Corporations, *and* any community chest, fund, or foundation." It may well be concluded that the Congress, having broadened the scope of the first proposed amendment to include trusts 'passing to unincorporated bodies or individuals, as well as to corporations, deemed the recommendations made to its committee to have been fully adopted without further specific reference to trustees.

Granted that the rule for interpreting an exemption clause differs from the rule governing the taxing statute itself, in that it requires a strict rather than a liberal reading, it does not, however, compel a strained construction, and, having in mind the plain meaning of its terms in accordance with the common usage of words and phrases, we must refuse to accept the respondent's reading of the clause here involved. This being so, it becomes unnecessary to dispose of the contention that the committee designated to dispose of the fund is a corporation under section 2 of the act, nor to consider broader aspects of public policy as governing the interpretation of exemption clauses for charitable purposes.

The decisions of the Board of Tax Appeals are reversed.